UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MASTERSON,
JACELY MASTERSON, and
ROSE McLAREN,

        Plaintiffs,                             Case No.:

v.

SSRM VB, LLC, FL GLAZE, LLC,
and BREWING BRAND MANAGEMENT
dba DUNKIN,

        Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Michael Masterson, Jacely Masterson, and Rose McLaren ("Plaintiffs"), sues the Defendants, SSRM VB, LLC, FL Glaze, LLC., and Brewing Brand Management dba Dunkin, (hereinafter "Defendants"), and allege as follows:

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b)

because Plaintiffs reside in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

3.      Defendants SSRM VB, LLC and FL Glaze, LLC are Florida corporations that do business in, amount other places, Hillsborough County, Florida. Defendant Brewing Brand Management operates the subject Dunkin stores. The Defendants ("Dunkin") are Florida Profit corporations that do business in, among other places, Hillsborough County, Florida.  The Defendants operate and/or operated as a "single employer" under the civil rights laws since, among other factors, they functioned as interrelated operations that share common and centralized human resources, management, ownership, and administration. These named Defendants and other interrelated Dunkin owned enterprises form a "common nucleus of ownership and control" under Title VII and the FCRA. Defendants employed Plaintiffs.

4.      Plaintiffs are residents of Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

5.      In June of 2022, Rose McLaren finds out she is pregnant.

6.      In July and August, Ms. McLaren suffers from medical complications from her pregnancy, including asthma, gestational diabetes, and stroke.

7.      Ms. McLaren's health care provider is the source of a request for accommodations as to the medical disabilities such as heavy lifting, bending, and the avoidance of standing for excessive time.

8.      To accommodate Ms. McLaren's restrictions that are necessary due to her medical conditions, she is assigned administrative duties.

9.      Ms. McLaren encounters hostility because of her accommodations and need of her future maternity leave.  Michael Masterson handles the matter within the chain of command, but encounters resistance.

10.     On December 15th, William Brashier, employed by Exeter Capital in connection of its takeover of the SSRM VB and Fl Glaze Dunkin stores, calls Mr. Masterson.

11.     Brashier tells Mr. Masterson that it was reported that Ms. McLaren was sitting down.

12.     Brashier is reminded by Mr. Masterson that Ms. McLaren is on medical restrictions from her doctor for pregnancy caused medical conditions and was being accommodated.

13.     Brashier hears from Mr. Masterson that Ms. McLaren has accommodations for her pregnancy related medical conditions by performing necessary administrative work.  Brashier tells Mr. Masterson, "I don't have time for that crap, fire her!"

3

14.    Ms. McLaren had never been written up for any work-related performance problems or deficiencies.

15.    Mr. Masterson objects to Brashier's demand that Ms. McLaren be terminated.  He tells Brashier that Ms. McLaren's rights would be violated.

16.    Brashier tells Mr. Masterson, "She is going to be on maternity leave soon anyway, so let her go."

17.    Mr. Masterson continues to object.  He tells Brashier he cannot fire her; it is not right.

18.    Brashier interrupts Mr. Masterson and says "Well then, we are going to separate."

19.    Brashier tells Mr. Masterson that his wife, Jacely Masterson is also fired.

20.    Brashier is asked "why?" by Mr. Masterson. Brashier does not answer. He says is done with the conversation.

21.    The Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR").  A notification of Right to Sue was received from the EEOC under Title VII.  This action has been commenced in a timely manner. Because of the expiration of 180 days, Plaintiffs have brought claims of pregnancy discrimination, retaliation, and disability discrimination under the Florida Civil Rights Act of 1992, Chapter 760.10 et. seq.

4

## COUNT I – TITLE VII AND PDA -- PREGNANCY DISCRIMINATION

22.    Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

23.    Plaintiff McLaren is a member of a protected class under Title VII and the PDA.

24.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff McLaren on account of her pregnancy in violation of Title VII of the Civil Rights Act and the PDA.

25.    As a result of Defendants' unlawful discrimination, Plaintiff McLaren has suffered and continues to suffer damages.

WHEREFORE, Plaintiff McLaren prays for the following damages against Defendants: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages for emotional pain and suffering; e. Punitive damages; f. For costs and attorneys' fees; g. Injunctive relief; h. For any other relief this Court deems just and equitable.

## COUNT II -- TITLE VII -- RETALIATION

26.    Plaintiffs reallege and adopt the allegations in paragraphs 1 through 21 as if set out in full hereafter.

27.    Plaintiffs suffered adverse employment actions for opposing employment practices made unlawful by Title VII.

5

28. Plaintiff Jacely Masterson suffered retaliation due to her association with Plaintiff Michael Masterson who objected to, opposed, and refused to participate in unlawful employment actions.

29. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq.*

30. As a result of Defendants' unlawful retaliation, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs pray for the following damages against Defendants: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages; e. Pecuniary and non-pecuniary losses; f. Costs and attorneys' fees; g. Punitive damages; and h. For any other relief this Court deems just and equitable.

## COUNT III -- AMERICANS WITH DISABILITIES ACT

31. Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

32. Plaintiff McLaren is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

33. Plaintiff McLaren is a qualified individual with a disability and/or perceived to have a disability within the meaning of the ADAAA, because Plaintiff

McLaren with a reasonable accommodation, performed the essential functions of her job with Defendants.

34. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff McLaren and discriminated against her because of her disability.

35. As a result of Defendants' unlawful conduct, Plaintiff McLaren has suffered and continues to suffer damages, including, but not limited to, the following: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries; e. Punitive damages; f. Pecuniary and non-pecuniary losses; g. Attorney's fees and costs; and h. For any other relief this Court deems just and equitable.

## COUNT IV – AMERICANS WITH DISABILITIES ACT: RETALIATION

36. Plaintiffs reallege and adopt the allegations in paragraphs 1 through 21 as if set out in full hereafter.

37. Plaintiffs suffered an adverse employment action (termination) for opposing an unlawful employment practices and Defendants' discriminatory treatment of Plaintiff McLaren, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

7

38. The above-described acts constitute retaliation, in violation of the ADAAA.

WHEREFORE, as a result of Defendants' unlawful retaliation, Plaintiffs have suffered and continue to suffer damages, including, but not limited to, the following: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages; e. Pecuniary and non-pecuniary losses; f. Attorney's fees and costs; and g. For any other relief this Court deems just.

## COUNT V -- FAMILY MEDICAL LEAVE ACT – INTERFERENCE

39. Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

40. Defendants' actions interfered with Plaintiff McLaren's rights under the FMLA.

41. Defendants' actions constitute violations of the FMLA.

42. As a result of Defendants' unlawful actions Plaintiff McLaren has suffered damages.

WHEREFORE, Plaintiff McLaren prays for judgment against Defendants for the following damages: a. Back pay and benefits; b. Interest; c. Liquidated damages; d. Attorney's fees and costs; e. Equitable relief; f. Such other relief as is permitted by law.

## COUNT VI -- FMLA DISCRIMINATION -- RETALIATION

43.   Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

44.   Defendants retaliated against Plaintiff McLaren for asserting her FMLA rights.

45.   Defendants' actions constitute violations of the FMLA.

46.   As a result of Defendants' actions Plaintiff McLaren has suffered damages.

WHEREFORE, Plaintiff McLaren prays for judgment against Defendants for the following damages: a. Back pay and benefits; b. Interest; c. Liquidated damages; d. Attorney's fees and costs; e. Equitable relief; f. Such other relief as is permitted by law.

## COUNT VII -- FCRA -- PREGNANCY DISCRIMINATION

47.   Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

48.   Plaintiff McLaren is a member of a protected class under the Florida Civil Rights Act.

49.   By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff McLaren on account of her pregnancy in violation of the Florida Civil Rights Act.

9

50. Defendants knew or should have known of the discrimination.

51. As a result of Defendants' unlawful discrimination, Plaintiff McLaren has suffered and continues to suffer damages.

WHEREFORE, Plaintiff McLaren prays for the following damages against Defendants: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages for emotional pain and suffering; e. Punitive damages; f. For costs and attorneys' fees; g. Injunctive relief; h. For any other relief this Court deems just and equitable.

## COUNT VIII - FLORIDA CIVIL RIGHTS ACT ("FCRA") RETALIATION

52. Plaintiffs reallege and adopt the allegations in paragraphs 1 through 21 as if set out in full hereafter.

53. Plaintiff McLaren is a member of a protected class under the Florida Civil Rights Act. Plaintiff Michael Masterson objected to and opposed pregnancy discrimination against Plaintiff McLaren.

54. By the conduct described above, Defendants engaged in unlawful employment practices and retaliated against Plaintiffs in violation of the Florida Civil Rights Act. Plaintiff Jacely Masterson was terminated because of her association with Plaintiff Michael Masterson.

55. Defendants knew of the retaliation. Defendants continued to retaliated against Plaintiffs after their terminations by have Brashier and others try to "dig up dirt" on them, after the fact.

56. As a result of Defendant's unlawful retaliation, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs pray for the following damages against Defendants: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages for emotional pain and suffering; e. Punitive damages; f. For costs and attorneys' fees; g. Injunctive relief; h. For any other relief this Court deems just and equitable.

## COUNT IX - FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

57. Plaintiff McLaren realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

58. As described above, Plaintiff McLaren had a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

59. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

11

60.    As a result of Defendants' unlawful conduct, Plaintiff McLaren has suffered and continues to suffer damages, including, but not limited to, the following: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries; e. Punitive Damages f. Pecuniary and non-pecuniary losses; g. Attorney's fees and costs; and h. For any other relief this Court deems just and equitable.

## COUNT X - FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMMODATE

61.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

62.    As described above, Plaintiff McLaren had a disability, and/or the Defendants perceived her to have a disability, as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

63.    By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff McLaren and discriminated against her because of her disability and/or perceived disability. Although Plaintiff had been accommodated for a period of time, when Exeter Capital's Brashier found out, he decided to terminate Plaintiff.

12

64.     As a result of Defendants' unlawful conduct, Plaintiff McLaren has suffered and continues to suffer damages including, but not limited to the following: including, but not limited to, the following: a. Back pay and benefits; b. Interest on back pay and benefits; c. Front pay and benefits; d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries; e. Punitive Damages f. Pecuniary and non-pecuniary losses; g. Attorney's fees and costs; and h. For any other relief this Court deems just and equitable.

## COUNT XI – FLORIDA WHISTLEBLOWER ACT

65.     Plaintiffs reallege and incorporate herein paragraphs 1 through 21 above.

66.     This is an action under the Florida Whistleblower Act. All times material to this action, Defendants were individually and collectively an "employer" of Plaintiffs as defined by the Florida Whistleblower Act, Section 448.101-448.105 (Fla. Stat.).

67.     At all times material to this action, Plaintiffs were each "employee" of the Defendants pursuant to the Florida Whistleblower Act, Section 448.101(2).

68.     During the term of Plaintiffs' employment, they objected and /or refused to participate in an activity or practice, which was in violation of the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964, as

amended. Plaintiffs objected or refused to participate in sex discrimination and a hostile work environment because of pregnancy discrimination.

69.    Plaintiffs voiced specific objections to Defendants' management.

70.    The Defendants took retaliatory personnel action against Plaintiffs because they objected to, and/or refused to participate in, the illegal workplace behavior.

WHEREFORE, Plaintiffs request compensatory damages for lost wages, benefits and other remuneration and all other compensatory damages allowable under Florida law against the Defendants. Plaintiffs also request that the Court award reasonable attorneys' fees, costs and expenses associated with this action pursuant to section 448.104.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS**

Ronald W. Fraley
Florida Bar No. 0747025
The Fraley Firm, P.A., P.A.
412 East Madison Suite 813
Tampa, Florida 33602
rfraley@fraleylawfirm.com
(813) 229-8300 - Office
Attorney for Plaintiffs

14